**In the Matter of Jeffery A. JAMES.**

**No. 44S00–0510–DI–449.**

Supreme Court of Indiana.

Feb. 20, 2007.

*ORDER FINDING MISCONDUCT
AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent, Jeffery A. James, engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Respondent represented a client charged with Operating a Vehicle While Intoxicated ("OWI"). The OWI was charged as a Class D Felony rather than as a misdemeanor because the client had several prior convictions in Kentucky for similar offenses. *See* Ind.Code § 9–30–5–3. The client pled guilty to the OWI charge, and at the sentencing hearing, Respondent told the judge that five of his client's convictions had been expunged or vacated in Kentucky, in an attempt to avoid a limitation on the trial court's ability to suspend the sentence. *See* Ind.Code § 35–50–2–2(b). When called upon to produce documentation supporting his assertion, Respondent was unable to do so, either at the hearing or afterward. The judge later sentenced the client to an 18–month executed sentence.

The commission filed a "Verified Complaint for Disciplinary" Action on October 4, 2005, alleging Respondent knew at all times that his representation to the court about the Kentucky convictions was false. Respondent admitted that his statement was erroneous, but he contended that he had confused the client's case with the similar case of another client whose out-of-state convictions had been expunged or vacated.

The matter was heard by Hearing Officer Lori K. Morgan, who entered findings of fact and conclusions of law on October 18, 2006. She found that Respondent made a statement to the trial court knowing it to be false. As a mitigating circumstance, the hearing officer found Respondent had apologized to the trial court judge.

Neither the Respondent nor the commission filed a petition for review. Therefore, the only issue before this Court is what sanction should be imposed. *See* Ind. Admission and Discipline Rule 23, section 15(a).

**Violations:** The Court finds that Respondent violated Professional Conduct Rule 3.3(a)(1), which prohibits an attorney from knowingly making a false statement of fact to a court.

**Discipline:** For this professional misconduct, **the Court suspends Respondent from the practice of law for a period of ninety (90) days, beginning April 1, 2007.** Respondent is ordered to fulfill his duties as a suspended attorney under Admission and Discipline Rule 23, section 26. At the conclusion of the period of suspension, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23, section 4(c). The costs of this proceeding are assessed against Respondent.

The Clerk of this Court is directed to forward a copy of this order to the parties, to the hearing officer, and to all other entities entitled to notice under Admission and Discipline Rule 23, section 3(d).

All Justices concur.